UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-131 |
| JAWAN FORTIA<br>DEDRICK KEELEN<br>DELWIN MCLAREN<br>BRYAN SCOTT<br>LIONEL ALLEN | SECTION "N" (5) |

## ORDER & REASONS

Before the Court is the "Motion for New Trial" (Rec. Doc. 720), filed by defendants Lionel Allen, Dedrick Keelen, Jawan Fortia, Delwin McLaren, and Bryan Scott. The Motion is opposed by the government. (*See* Rec. Doc. 720). After reviewing the memoranda submitted by the parties and the applicable law, the Court finds that the defendants have failed to establish that the interest of justice requires the jury's guilty verdict on 26 of 29 counts to be vacated, which is the standard for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.

The gravamen of the defendants' motion is that the government's reliance on the testimony of co-conspirators and otherwise cooperating witnesses in its prosecution of this case poisoned the verdict and resulted in a miscarriage of justice. This argument, however, ignores the law, which, in the Fifth Circuit, upholds convictions based on uncorroborated testimony of an accomplice, "so long as the testimony is not incredible or otherwise insubstantial on its face." *United States v. Arledge*, 553 F.3d 881, 888 (5th Cir. 2008) (internal quotation and citation omitted). For the reasons stated extensively by the government in its memorandum, the Court does not view the trial testimony of Irian Dorsey, Shawn Gracin, Jacobi Boyd, and Passion Cobbins, among others, as incredible or insubstantial. Rather, taken together, this testimony strongly depicted the defendants

as members or associates of a brazen gang that leveraged gun violence and intimidation in pursuit of notoriety and drug profits, all the while endangering the residents of Central City and the Greater New Orleans community for a number of years.

The defendants' argument also disregards the efforts of both the Court and capable counsel at trial to inform the jury about the risks typically associated with accomplice testimony. It was for those very risks that the Court included Fifth Circuit Pattern Instructions 1.14 and 1.15 when it charged the jurors at the conclusion of the trial, warning them to receive with caution and weigh with great care the testimony of any accomplice, co-defendant, informer or individual seeking immunity or testifying pursuant to a plea agreement. This instruction was not the first warning of the type, as defense counsel spent much of cross-examination and closing arguments highlighting for the jury the perceived self-interests of many of the witnesses. Ultimately, the Court believes that the jury understood the gravity of its task, as shown by the nuanced verdict it delivered. Considering the evidence adduced at trial, including, but certainly not limited to, testimony, pictures, videos, and especially jailhouse telephone recordings featuring some of the defendants themselves, the Court elects not to disturb that verdict.

For these reasons and those found in the government's memorandum in opposition to the instant motion,

**IT IS ORDERED** that the Motion for New Trial (Rec. Doc. 720) is **DENIED**.

New Orleans, Louisiana, this <u>16th</u> day of <u>August</u> 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**